# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMANDA NICHOLE CLARK MILLER, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 5:16-cv-00059-RLV-DCK |
| ) | |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION SERVICES LLC, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Fair Debt Collections Practices Act, 15 U.S.C. § 1962 *et seq.* ("FDCPA"), the North Carolina Collection Agency Act, N.C.G.S. §

75-50 *et seq.* ("NCCAA"), and the North Carolina Debt Collection Act, N.C.G.S. §58-70 *et seq.* ("NCDCA"). Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax admits the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 7.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 19.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33. Equifax reasserts and re-alleges its responses and defenses as set forth above

in Paragraphs 1 through 32.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies those allegations.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36. Equifax admits that it received a dispute from Plaintiff on or about October 19, 2015, along with a copy of the Consent Order, the contents of which speak for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies those allegations.

37. Equifax admits that it transmitted Plaintiff's dispute and documents submitted by Plaintiff to Nationstar. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, therefore, denies those allegations.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 38.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies those allegations.

41. Equifax admits that it received a dispute from Plaintiff on or about October

19, 2015.

42. Equifax states that the reinvestigation results speak for themselves and to the extent Plaintiff misstates, mischaracterizes, or misquotes the reinvestigation results, the allegations are denied. Equifax denies that it failed to conduct a reasonable investigation.

43. Equifax denies the allegations in Paragraph 43.

44. Equifax denies the allegations in Paragraph 44.

45. This Paragraph appears to contain a statement of law or legal conclusion. To the extent Plaintiff misstates or mischaracterizes the law, Equifax denies the allegations in Paragraph 45.

46. Equifax denies the allegations in Paragraph 46.

47. Equifax denies the allegations in Paragraph 47.

48. Equifax denies the allegations in Paragraph 47.

49. Equifax denies the allegations in Paragraph 48.

50. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 49.

51. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies those allegations.

52. Equifax denies the allegations in Paragraph 52.

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies those allegations.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies those allegations.

55. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies those allegations.

56. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies those allegations.

57. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies those allegations.

58. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies those allegations.

59. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies those allegations.

60. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies those allegations.

61. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 60.

62. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies those allegations.

63. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies those allegations.

64. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies those allegations.

65. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies those allegations.

66. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies those allegations.

67. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies those allegations.

68. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 67.

69. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies those allegations.

70. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies those allegations.

71. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies those allegations.

72. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies those allegations.

73. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies those allegations.

74. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies those allegations.

75. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies those allegations.

76. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 75.

77. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies those allegations.

78. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies those allegations.

79. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies those allegations.

80. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies those allegations.

81. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, denies those allegations.

82. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies those allegations.

83. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies those allegations.

84. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies those allegations.

85. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies those allegations.

86. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies those allegations.

87. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, denies those allegations.

88. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, denies those allegations.

89. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, denies those allegations.

90. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 89.

91. Equifax states that the FCRA provision described in Paragraph 91 speaks for itself, and to the extent Plaintiff misstates or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 91.

92. Equifax states that the FCRA provision described in Paragraph 92 speaks for itself, and to the extent Plaintiff misstates or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 92.

93. Equifax denies the allegations in Paragraph 93 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, therefore, denies those allegations.

94. Equifax denies the allegations in Paragraph 94 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and, therefore, denies those allegations.

95. Equifax denies the allegations in Paragraph 95 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and, therefore, denies those allegations.

96. Equifax denies the allegations in Paragraph 96 as they pertain to Equifax.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and, therefore, denies those allegations.

97. Equifax denies the allegations in Paragraph 97 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 and, therefore, denies those allegations.

98. Equifax denies that the Plaintiff is entitled to any relief claimed in her Prayer for Relief.

99. Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

100. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

### Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or

entity for whom or for which Equifax is not responsible.

### Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

### Sixth Defense

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

### Seventh Defense

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in

Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action;

(3) it have a trial by jury for all issues so triable;

(4) it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 5th day of May, 2016.

/s/ Chelsea Corey
Chelsea Corey
LR 83.1 Counsel
North Carolina Bar No. 48838
KING & SPALDING LLP
100 North Tryon Street
Suite 3900
Charlotte, North Carolina 28202
Tel: (704) 503-2575
Fax: (704) 503-2622
ccorey@kslaw.com

*Attorneys for Defendant Equifax Information Services LLC*

Of Counsel:
Tameika L. Montgomery
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
tmontgomery@kslaw.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will give notification to counsel of record:

Asa Covington Edwards, IV
aedwards@maginnislaw.com
Karl S. Gwaltney
kgwaltney@maginnislaw.com
Edward H. Maginnis
emaginnis@maginnislaw.com
Maginnis Law, PLLC
4801 Glenwood Ave, Suite 310
Raleigh, NC 27612
***Attorneys for Plaintiff Amanda Nichole Clark Miller***

Joseph W. Williford
jww@youngmoorelaw.com
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622
***Attorney for Defendant Trans Union LLC***

Nathan Jessee Taylor
ntaylor@mcguirewoods.com
McGuire Woods, LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
***Attorney for Defendant Nationstar Mortgage, LLC***

This 5th day of May, 2016.

/s/ Chelsea Corey
Chelsea Corey
LR 83.1 Counsel
North Carolina Bar No. 48838
KING & SPALDING LLP